*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LEONARD DEE WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
July 23, 2019

No. 343239
Berrien Circuit Court
LC No. 1990-004242-FC

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant, Leonard Dee Williams, appeals as of right the trial court's resentencing. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

In 1991, a jury convicted defendant of first-degree murder, MCL 750.316(c); conspiracy to commit murder, MCL 750.157(a); and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(a). At the time that the offenses were committed, defendant was 17 years old. The trial court sentenced defendant as an adult to two mandatory terms of life in prison without parole for the murder charge and the conspiracy to commit murder charge, and two years to be served consecutively for the felony-firearm charge. As a result, defendant has been incarcerated since December 10, 1990. Following the Supreme Court's decision in *Montgomery v Louisiana*, 577 US ___; 136 S Ct 718; 193 L Ed 2d 599 (2016), and the enactment of MCL 769.25a, the Berrien County prosecutor's office agreed that defendant was entitled to be resentenced to a term of years. Following a resentencing hearing, the trial court resentenced defendant to 35 years' imprisonment. Defendant now appeals that resentence arguing that the trial court abused its discretion in imposing a sentence in the top 1/3 of the available range, and, due to defense counsel (1) erroneously attaching a memorandum of incriminating recorded telephone conversations, and (2) failing to consult an expert in gang affiliation, defendant was denied the effective assistance of counsel at resentencing.

## II. ANALYSIS

In his appeal, defendant first argues that the trial court abused its discretion by imposing a sentence in the top 1/3 of the available range because the trial court placed undue emphasis on the negative evidence presented to it, and insufficient emphasis on the positive evidence presented to it. Review of the record leads us to conclude the contrary.

At sentencing, the trial court:

"is in a superior position to find facts and judge their import . . . in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record. The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court." [*People v Skinner*, 502 Mich 89, 135; 917 NW2d 292 (2018), quoting *Gall v United States*, 552 US 38, 51-52; 128 S Ct 586; 169 L Ed 2d 445 (2007).]

Therefore, this Court reviews a trial court's decision to resentence a juvenile lifer for an abuse of discretion. *Skinner*, 502 Mich at 138; *People v Wines*, 323 Mich App 343, 351; 916 NW2d 855 (2018). "An abuse of discretion occurs when the trial court renders a decision that falls outside the range of principled decisions." *People v Rao*, 491 Mich 271, 279; 815 NW2d 105 (2012).

The parties do not dispute that defendant was entitled to resentencing, nor do they dispute that MCL 769.25a(4)(c) applies. MCL 769.25a(4)(c) provides, in relevant part, that the "court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall not be less than 25 years or more than 40 years."[1] When resentencing a defendant under this statute, the sentencing guidelines do not apply. *Wines*, 323 Mich App at 350 n 5. However, the principles of proportionality do apply: sentences must still be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A sentence mandated by statute is presumptively proportionate. *People v Davis*, 250 Mich App 357, 369; 649 NW2d 94 (2002). "To overcome the presumption of proportionality, "a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

---

[1] MCL 769.25a(4)(c) provides:

If the prosecuting attorney does not file a motion under subdivision (b), the court shall sentence the individual to a term of imprisonment for which the maximum term shall be 60 years and the minimum term shall be not less than 25 years or more than 40 years. Each victim shall be afforded the right under section 15 of the William Van Regenmorter crime victim's rights act, 1985 PA 87, MCL 780.765, to appear before the court and make an oral impact statement at any resentencing of the defendant under this subdivision.

When resentencing a juvenile-lifer defendant, the trial court "should be guided by a balancing of the *Snow*[2] objectives and in that context is required to take into account the attributes of youth, such as those described in *Miller*[3]." *Wines*, 323 Mich App at 352. The *Snow* objectives are "(a) the reformation of the offender, (b) protection of society, (c) the disciplining of the wrongdoer, and (d) the deterrence of others from committing like offenses." *Snow*, 386 Mich at 592. Our Supreme Court recently summarized the *Miller* factors as:

> (1) "his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) "the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional"; (3) "the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him"; (4) whether "he might have been charged [with] and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys"; and (5) "the possibility of rehabilitation . . . ." [*Skinner*, 502 Mich at 114-115, quoting *Miller*, 567 US at 477-478.]

Here, defendant argues that the trial court balanced these factors improperly and that the result was a "fundamentally unfair and disproportionate sentence" because the trial court did not place enough emphasis on defendant's difficult upbringing or his young age at the time of the offense, but rather placed undue emphasis on defendant's gambling and gang involvement. However, defendant has not shown that the trial court's decision was "outside the range of principled decisions," so his argument fails solely for that reason. See *Rao*, 491 Mich at 279.

However, we consider the entirety of the record evidence to determine whether the trial court abused its discretion when it resentenced defendant. Contrary to the assertions of defendant, the record reveals that the trial court painstakingly reviewed all materials before it, including the transcripts of defendant's initial sentencing, and weighed all the evidence in arriving at its sentence. Review of the record reveals that the trial court considered the resentencing memorandum and its 21 exhibits, including a number of letters of support for defendant. Further, the trial court recognized and listed the considerations and factors from *Snow* and *Miller*, and addressed each factor individually. Contrary to defendant's assertions on appeal, the trial court first considered the positive aspects of defendant's life: it noted that he had acted under the influence of youth, peer pressure, and a very difficult home environment. The trial court also recognized defendant's rehabilitation and success in prison, as well as his ability to create and maintain a strong support network. The trial court found that defendant was using his prison time "productively" and commended him for doing so. The trial court went further in commending defendant's family members for having turned their lives around and noted that when defendant was released from prison he would likely benefit from a better family dynamic.

---

[2] *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972).

[3] *Miller v Alabama*, 567 US 460, 471; 132 S Ct 2455; 183 L Ed 2d 407 (2012).

Hence, the record evidence negates defendant's argument that the trial court did not consider all relevant positive aspects of defendant's life and rehabilitation. The fact that the trial court did not place *every* detail of defendant's sentencing memorandum on the record does not inexorably lead to a conclusion that the trial court failed to consider the resentencing memorandum and its appendices. Rather, the record clearly reveals that the trial court considered all the information contained in the resentencing memorandum and its appendices, and further reveals that the trial court *did* factor elements of defendant's sentencing memorandum into its ultimate decision.

Defendant's additional arguments regarding his assertions that the trial court placed undue emphasis on defendant's gambling and gang life fail for the same reasons. Although it is difficult to know *exactly* how much evidence the trial court received on these issues because a transcript of the phone calls played at resentencing has not been supplied to this Court, we do know that defendant admitted to the trial court he gambles in prison. Defendant also admitted that he maintained connections with people he knew through the Vice Lords, and that he celebrated Lord's Day, (seemingly a gang holiday), annually with members of "his own age." Thus, the record is clear, by defendant's own admissions that he does gamble and is still, at least tangentially, involved with the Vice Lords. Therefore, the trial court could, and did, properly consider defendant's gambling and involvement with the Vice Lords. The trial court weighed these factors against the positive ones and ultimately decided that these two factors demonstrated that defendant had not been completely rehabilitated. It is certainly within the trial court's discretion to weigh the credibility of various pieces of evidence and weigh them against each other accordingly. See *Gall*, 552 US at 51-52; *Skinner*, 502 Mich at 135. On this record, we cannot conclude that the trial court abused its discretion when it resentenced defendant. See *Rao*, 491 Mich at 279.

Defendant also argues that his sentence is disproportionate. However, defendant's sentence of 35 years is within the statutory range of 25 to 40 years. See MCL 769.25a(4)(c). Therefore, the sentence is presumptively proportionate. See *Davis*, 250 Mich App at 369. Defendant has not presented any "unusual circumstances" that might render the sentence disproportionate. Rather, defendant argues that the sentence is disproportionate because the trial court abused its discretion. As discussed, the trial court did not abuse its discretion. Therefore, the sentence is proportionate, and defendant is not entitled to relief on this issue. See *Lee*, 243 Mich App at 187.

Defendant next argues in his appeal that his counsel was ineffective for erroneously attaching a Correction Officer's report to the resentencing memorandum, and for failing to consult with a gang expert. Generally, "[t]he question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Both the Michigan and the United States Constitutions guarantee defendants the assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To obtain a new trial, a defendant must show that (1) trial counsels' performance fell below an objective standard of reasonableness, and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would be different. *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994). Defendant must overcome a strong presumption that counsel's performance was sound trial strategy. See *Strickland*, 466 US at 689. Defense counsel

retains the "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id*. at 691. To establish prejudice, defendant must show a reasonable probability that the outcome would have been different but for counsel's errors. See *Strickland*, 466 US at 694. A reasonable probability need not be a preponderance of the evidence; rather, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

As to the assertion that defense counsel was ineffective for erroneously including a Correction Officer's (CO) report with the resentencing memorandum submitted to the trial court, defense counsel admitted that was error. Hence, defendant has met the first prong of *Strickland*, and for purposes of our discussion, we shall presume that defense counsel's attachment of the CO's report fell below an objective standard of reasonableness. *Strickland*, 466 US at 689.

The report contained inaccurate information about defendant's criminal history, defendant's family's criminal history, and summaries of recorded jailhouse calls. However, defendant must still demonstrate that this error changed the outcome of the resentencing proceedings. Defense counsel specifically requested that the report "be struck from defendant's pleadings," and the trial court agreed to do so regarding the parts of the report defense counsel argued were inaccurate (namely, defendant's and defendant's family's criminal history). Defense counsel was also concerned about the "editorializing" of the contents of the recorded phone calls. However, the record reveals that trial court did not rely on the report's description of the phone calls because the prosecution played three phone calls at resentencing. Hence, it was the telephone recordings rather than the CO's report that the trial court relied on in reaching its conclusions regarding defendant's gambling and gang affiliation. And, the complete exclusion of the report would not change the content of the phone calls. Therefore, defendant has failed to show that the exclusion of the report from the record could have changed the outcome of defendant's sentencing, at least regarding the weight the trial court gave to the phone calls. Accordingly, defendant cannot demonstrate that but for counsel's error, there is a reasonable probability that the outcome would be different. See *Strickland*, 466 US at 694.

Defendant also argues that defense counsel was ineffective for failing to consult a gang expert before resentencing. Defendant filed a motion to remand on this issue but failed to supply an offer of proof or affidavit from a gang expert; this Court denied the motion to remand.[4]

Again, defense counsel acknowledges that this was an error: her failure to consult a gang expert left her "unequipped to effectively explain" defendant's relationship with the Vice Lords throughout his life. Therefore, defense counsel's failure to call an expert was not part of a reasonable strategy. Presuming that the failure to consult with a gang exert falls below an objective standard of reasonableness, we again hold that defendant has satisfied the first prong of the ineffective assistance of counsel test. See *Strickland*, 466 US at 689.

---

[4] *People v Williams*, unpublished order of the Court of Appeals, entered October 1, 2018 (Docket No. 343239).

However, defendant has again failed to show how consulting a gang expert would have changed the outcome of the resentencing proceedings. First, defendant's ongoing relationship with gangs was presumably brought out in the phone calls played for the trial court. Next, it was defendant who testified about his ongoing relationship with the Vice Lords. Defendant noted that although he was not actively involved in the gang, he still felt connected to the values of the Vice Lords and he still celebrated with members of the Vice Lord's their gang holiday, Lord's Day, on an annual basis. Defendant also testified that he tries to help younger prisoners avoid gang life, and the trial court recognized that defendant had taken on this role as mentor.

It is at best a questionable argument that an expert, rather than defendant, was best situated to explain to the trial court his past and current relationships with gangs. And, the trial court is uniquely situated in a position to weigh the credibility of the evidence before it, and its job at sentencing is to judge how credible it finds the evidence presented, including defendant's testimony. See *Skinner*, 502 Mich at 135. However, defendant argues that a gang expert would be better situated to explain the "complexities" of the gang relationship. To this argument we note that defendant failed to explain how this testimony would change or negate the evidence concerning defendant's gang affiliations before the trial court. Further, defendant did not supply an offer of proof with his motion to remand, and it does not appear that defense counsel ever spoke with a gang expert to determine that such testimony would actually benefit defendant. Therefore, it was reasonable for the trial court to find that defendant had not completely left gang life behind.

Our review of this record leads us to conclude that defendant has failed to show how consultation with a gang expert would have impacted his final sentence, failing therefore to demonstrate that but for counsel's error, the result of the proceedings would have been different. See *Strickland*, 466 US at 694. Accordingly, defendant is not entitled to relief on this issue.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro